UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LINDA ODEGAARD,

                             **Plaintiff,**

      -against-

MIDLAND CREDIT MANAGEMENT, INC.,
MIDLAND FUNDING LLC,
AND COHEN & SLAMOWITZ, LLP,

                       **Defendants.**

-------------------------------------------------------------------X

**SUMMONS**

Index No.:

## 07 CV 7572

**TO:**

Midland Credit Management, Inc.
P.O. Box 939019
San Diego, CA 92193

Midland Funding, LLC
P.O. Box 939019
San Diego, CA 92193

Cohen & Slamowitz, LLP
199 Crossways Park Drive
Woodbury, NY 11797-2016

        **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court

and serve upon

                David Kasell, Esq.
                Sadis & Goldberg LLC
                **Attorneys for Plaintiff**
                551 Fifth Avenue, 21st Floor
                New York, NY 10176

an answer to the complaint which is herewith served upon you, within 20 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.

**J. MICHAEL McMAHON**

                                                 AUG 2 7 2007

_____         _____
CLERK                                    DATE

BY DEPUTY CLERK

00005342.WPD

JUDGE COTE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUG 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

----------------------------------------------------X

LINDA ODEGAARD,

                                                    COMPLAINT AND
                        Plaintiff,                  DEMAND FOR JURY
                                                    TRIAL
-against-
                                                    Index No.:

MIDLAND CREDIT MANAGEMENT, INC.,          07 CV 7572
MIDLAND FUNDING LLC,
AND COHEN & SLAMOWITZ, LLP,

                        Defendants.
----------------------------------------------------X

        Plaintiff, Linda Odegaard ("Plaintiff"), as and for her complaint, alleges as follows:

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendants'

        violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter

        the "FDCPA"), and for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et*

        *seq.* (hereafter the "FCRA") constituting unfair and deceptive acts and practices under

        the New York Deceptive Acts and Practices law, General Business Law § 349.  These

        laws prohibit debt collectors and furnishers of information to consumer reporting

        agencies from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

2.      Jurisdiction is premised on 15 U.S.C. § 1692k(d), 28 U.S.C.§1391, 28 U.S.C. § 1337, and

        supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the conduct complained of occurred here.

## PARTIES

3.  Plaintiff is a natural person who resides in Orange County, State of New York.

4.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

6.  Defendant Midland Credit Management, Inc. ("Midland Credit") is a business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 8875 Aero Drive, Suite 200, San Diego, California 92123. The principal purpose of Midland Credit is the collection of debts using the mails and telephone, and Midland Credit regularly attempts to collect debts alleged to be due another.

7.  Midland Credit is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

8.  Midland Credit is a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA.

9.  Defendant Midland Funding, LLC ("Midland Funding") is a business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 8875 Aero Drive, Suite 200 San Diego, California 92123. The principal purpose of Midland Funding is the collection of debts using the mails and telephone, and Midland Funding regularly attempts to collect debts alleged to be due another.

10. Midland Funding is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

11. Midland Funding is a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA..

12.    Defendant Cohen & Slamowitz, LLP ("Cohen & Slamowitz") is a law firm and business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 199 Crossways Park Drive, Woodbury, New York 11797. The principal purpose of Cohen & Slamowitz is the collection of debts using the mails and telephone, and Cohen & Slamowitz regularly attempts to collect debts alleged to be due another.

13.    Cohen & Slamowitz is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

14.    Cohen & Slamowitz is a "person" as defined by 15 U.S.C. § 1681a(b) of the FCRA.

## FACTUAL ALLEGATIONS

15.    At all pertinent times hereto, Defendants sought to collect monies under a consumer credit account with First Consumer National Bank ("FCNB")(hereinafter the "debt").

16.    The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

17.    The Defendants filed a lawsuit against Plaintiff in or about August 2007, based on allegations that Plaintiff requested a credit account with FCNB and then defaulted in payment.

18.    Plaintiff first learned of the alleged debt when she obtained her credit report in May of 2007. But Plaintiff has never had an account with any of the Defendants. Based on the information reported in her credit report Plaintiff believed that Midland Credit might be seeking an obligation that she had paid in full in November of 2004, pursuant to an agreement reached with Ed Morton, a representative of Penncro Associates, another debt

collector. Under that agreement, Plaintiff's one-time payment of $950 satisfied all of her

outstanding obligations to FCNB. Plaintiff made the agreed-upon one-time payment of

$950.

19.    In light of the misreported information contained in her credit report, Plaintiff wrote,

through counsel to Midland Credit on June 8, 2007, requesting (i) investigation of the

disputed information; (ii) a review of all relevant information provided by consumer

credit reporting agencies; (iii) a report of the investigation to the consumer credit

reporting agencies; and (iv) if the investigation found the reported information to be

incomplete or inaccurate to report those results to all credit reporting agencies to whom

the information had been furnished and who compile and maintain files on consumers on

a nationwide basis. A copy of the letter sent to Midland Credit is attached as **Exhibit A**.

20.    Upon information and belief, Midland Credit received notice from Experian and Equifax

that Plaintiff disputed the completeness or accuracy of information provided by Midland

Credit but Midland Credit has failed to properly investigate the dispute once it was

notified by the credit reporting agencies of Plaintiff's dispute, in breach of the FCRA

1681s-2(b).

21.    While reviewing her credit report, Plaintiff also learned that Cohen & Slamowitz had

obtained her credit report without a permissible purpose.

22.    Consequently, Plaintiff wrote, through her counsel, on June 8, 2007, advising Cohen &

Slamowitz that this law firm was representing her. A copy of this firm's June 8, 2007

letter is attached as **Exhibit B**.

23.    Despite being advised of her being represented this firm, and their knowledge that all

future conacts should be directed ro this law firm, Cohen & Slamowitz improperly continued its direct contact with Plaintiff by writing to her on July 8, 2007, demanding payment of the alleged debt to Midland Funding. A copy of the July 8, 2007 letter from Cohen & Slamowitz is attached as **Exhibit C**.

24.    Glaringly, Cohen & Slamowitz's notice violates the FDCPA 15 U.S.C. § 1692g(a),  in that the notice it provided is incomplete and does not advise (i) that unless the consumer, within 30 days after receipt of the notice , disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and (ii) that if the consumer notifies the debt collector in writing within the 30-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of such verification or judgment will be mailed to the consumer by the debt collector.

25.    Since reviewing her credit report and notifying Midland Credit of the disputed information, Plaintiff has learned that Midland Credit continues reporting the disputed information to credit reporting agencies without noting that it is disputed, in violation of the FCRA.

26.    Plaintiff has learned that Cohen & Slamowitz is representing Midland Funding in a lawsuit over the alleged debt that Plaintiff has already satisfied and disputed.

27.    Defendants had not responded to Plaintiff's letters disputing the validity of the debt or advising of the obtaining of Plaintiff's credit report for an impermissible purpose when, despite Plaintiff's disputing of the debt, defendants filed a lawsuit against Plaintiff on behalf of defendant Midland Funding in the Civil Court of the City of New York, Kings

County (the "Civil Court Action").  A copy of the summons for the Civil Court Action is

annexed hereto as **Exhibit D.**

28.    As a result of the acts alleged above, Plaintiff has suffered embarrassment, emotional

distress, and severe anxiety.

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

29.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

30.    Defendants violated the FDCPA.  Defendants' violations include, but are not limited to,

the following:

(a)    The Defendants violated 15 U.S.C. § 1692e(2)(A) by negligently and

mistakenly attempting to collect the debt from Plaintiff, who was not

legally obligated to pay the debt.

(b)    The Defendants violated 15 U.S.C. § 1692e(5) by threatening to file,

and/or filing, a lawsuit that cannot legally be filed, in that Defendants

knew or should have known that Plaintiff was not obligated on the debt.

(c)    The Defendants violated 15 U.S.C. § 1692g(a) by failing to provide a

proper validation notice to Plaintiff.

(d)    The Defendants violated 15 U.S.C. § 1692g(b) by failing to cease

collection of the debt until Defendants provided a validation of the debt or

a copy of a judgment to Plaintiff.

31.    As a result of the above violations of the FDCPA, the Defendants are liable to the

Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and

{00099758.DOC}                                                  6

Plaintiff's actual damages, statutory damages, costs and attorney fees.

## COUNT II

### VIOLATION OF GENERAL BUSINESS LAW § 349

32.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

33.    General Business Law section 349 prohibits the use of deceptive or unfair practices in
connection with the collection of debts.

34.    Defendants engaged in deceptive conduct in the collection of debts.

35.    This deceptive conduct included, without limitation, the filing of a lawsuit against
Plaintiff without having any authority to do so.

36.    This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

37.    Plaintiff is entitled to damages and attorneys' fees as a result of Defendants' violation of
GBL § 349.

## COUNT III

### NEGLIGENCE

38.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

39.    Defendants Midland Credit and Midland Funding services owed Plaintiff a duty of
reasonable care in selecting, instructing, and supervising the debt collection firm it hired,
and also in adequately investigating whether Plaintiff in fact owed the debt at issue.

40.    By virtue of their failure to adequately investigate whether Plaintiff owed the debt, and
also their failure to prevent the filing of a baseless lawsuit by defendant Cohen &
Slamowitz, Defendants Midland Credit and Midland Funding breached this duty to

{00099758.DOC}                                        7

Plaintiff.

41.   As a result of this breach of duty, Plaintiff suffered damages, including but not limited to,

emotional distress.

## COUNT IV

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

42.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

43.   Defendants owed duties of reasonable care to plaintiff.

44.   Defendants breached the FCRA 1681s-2(b)by failing to exercise reasonable care and

impermissibly reporting false information to credit reporting agencies and subsequent

reporting after receiving notice from credit reporting agencies that the completeness or

accuracy of information was disputed by Plaintiff.

45.   As a result of Defendants' violations of the FCRA, Plaintiff has been damaged.

## COUNT V

### VIOLATION OF FAIR CREDIT REPORTING ACT

46.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

47.   Defendants breached the FCRA 1681b and 1681q by obtaining Plaintiff's credit report for

an impermissible purpose and under false pretenses.

48.    As a result of Defendants' violations of the FCRA, Plaintiff has been damaged.


WHEREFORE, Plaintiff LINDA ODEGAARD respectfully requests a trial by jury and also

requests that judgment be entered against Defendants for the following:

A.     Declaratory judgment that Defendants' conduct violated the FDCPA and the FCRA;

{00099758.DOC}                              8

B.    Actual damages;

C.    Punitive damages;

D.    Statutory damages pursuant to 15 U.S.C. § 1692k and 15 U.S.C. § 1681n;

E.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, 15 U.S.C. § 1681o,

and General Business Law § 349; and

F.    For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 22, 2007

David M. Kasell (DK-7753)
SADIS & GOLDBERG LLP
Attorneys for Plaintiff
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 947-3793

{00099758.DOC}                           9

# Exhibit A

**SadisGoldberg**LLP
ATTORNEYS AT LAW

551 Fifth Avenue, 21st Floor
New York, New York 10176
T: (212) 947-3793
F: (212) 947-3796

50 California Street, Suite 2320
San Francisco, California 94111
T: (415) 490-0561
F: (415) 391-1377

June 8, 2007

Midland Credit Management
P.O. Box 939019
San Diego, CA 92193

       Re:    Linda Odegaard Midland Credit Management Account Number
              8520244748;

Dear Sirs:

Please be advised that this law firm represents Linda Odegaard 24 Bridge Street, Montgomery, NY 12549-1031; SS #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. I am writing to advise you about items reported by you in her credit report whose completeness and /or accuracy is disputed.

TransUnion indicates this as a collection account with First Consumer National Bank was the original creditor and that this is an open account with a balance of $584 and that this account was placed for collection. Experian indicates that this is a collection account with a balance of $584 past due as of May 2007. Finally, Equifax indicates a balance of $584 owed to a factoring company/debt purchaser.

However, the information shown by the above credit reporting agencies is incorrect. In fact, Linda Odegaard made a one-time payment of $950, as per an agreement with Ed Morton who identified himself to be from Pennco Associates, Inc. Mr. Morton agreed that the one-time payment would satisfy her obligations in full. Additionally, my client has no knowledge of any account with Midland Credit Management and disputes the validity of any balance, especially in light of the fact that her obligations to FCNB, from whom the obligation appears to have been transferred or purchased were satisfied in full by her agreement with Mr. Morton.

Under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(2), as a furnisher of information to a consumer reporting agency, you have a duty to correct and update this information. Additionally, under 15 U.S.C. § 1682s-2(a)(3), you may not report this information in the future without noting that it has been disputed.

You are hereby directed to:
A.    Conduct an investigation with respect to the disputed information;
B.    Review all relevant information provided by the consumer credit reporting
      agency pursuant to 15 U.S.C. § 1681(a)(2) of the FCRA;

{00093822.DOC}

C.     Report the results of the investigation to the consumer credit reporting agency; and

D.     If the investigation finds the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which you furnished the information and that compile and maintain files on consumers on a nationwide basis.

My client is prepared to take appropriate legal action including initiating suit to protect her credit and any violations of FCRA committed by you.

Sincerely,

David M. Kasell

# Exhibit B

**SadisGoldberg** LLP
ATTORNEYS AT LAW

551 Fifth Avenue, 21st Floor
New York, New York 10176
T: (212) 947-3793
F: (212) 947-3796

50 California Street, Suite 2320
San Francisco, California 94111
T: (415) 490-0561
F: (415) 391-1377

June 8, 2007

Cohen & Slamowitz, LLP
P.O. Box 9004
Woodbury, NY 11797-9004

Please be advised that this law firm represents Linda and Drew Odegaard. I am writing regarding your obtaining their credit reports without a permissible purpose.

Under the Fair Debt Collection Practices Act ("FCRA"), 15 U.S.C. § 1681b, your actions constitute a violation of FCRA. Additionally, your actions constitute a violation of the FCRA, 15 U.S.C. § 1681q and you are liable for a fine under Title 18, imprisonment for not more than 2 years or both.

You are hereby directed to immediately cease all contact with all consumer reporting agencies with respect to my clients.

If you wish to resolve this matter amicably, please feel free to contact this office within fourteen (14) days from receipt of this communication. If the matter has not been resolved within that time, the undersigned has been directed to file a lawsuit against you.

Sincerely,

David M. Kasell

# Exhibit C

# Law Offices
# Cohen & Slamowitz, LLP

(516) 686-8900                                           199 Crossways Park Drive
(800) 293-6006 ext. 8900                                 P.O. Box 9004
Fax (516) 908-7993                                       Woodbury, NY 11797-9004

July 8, 2007

LINDA A ODEGAARD
87 70TH ST
BROOKLYN NY 11209-1113

      Re:     ORIGINAL CREDITOR: FCNB
              Creditor: MIDLAND FUNDING LLC
              Account No. 5421160011107648
              C&S File No.:    C226803
              Balance due as of July 8, 2007: $545.04

Dear LINDA A ODEGAARD:

Because of your failure to satisfy your outstanding obligation on the above referenced matter, our client has authorized us to commence a lawsuit against you.

Unless you contact us to make arrangements to pay your debt, collection efforts will continue. We urge you to call us at the telephone number set forth above to settle your account.

Very truly yours,

Cohen & Slamowitz

All checks should be forwarded directly to this office. Our office also accepts Western Union, Money Gram, MasterCard, VISA, Discover Card, and checks via phone, or visit our website at **www.cslawllp.com** to make payments online.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

 

# Exhibit D

## CONSUMER CREDIT TRANSACTION

### IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER - A SUMMONS

**DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!! THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

CIVIL COURT OF THE CITY OF NEW YORK,
COUNTY OF KINGS
-------------------------------------------------------------------------X

MIDLAND FUNDING LLC
              PLAINTIFF,

-AGAINST-

LINDA A ODEGAARD
              DEFENDANT(S).
-------------------------------------------------------------------------X

INDEX NUMBER 88040/07
C&S FILE NO. C226803

## SUMMONS

PLAINTIFF'S ADDRESS:
8875 AERO DRIVE - STE 200 SAN DIEGO, CA 92123

THE BASIS OF THE VENUE DESIGNATED IS
DEFENDANT'S RESIDENCE

*TO THE ABOVE NAMED DEFENDANT(S):* YOU ARE HEREBY SUMMONED TO APPEAR IN THE **CIVIL COURT** OF THE **CITY OF NEW YORK, COUNTY OF KINGS** AT THE OFFICE OF THE CLERK OF THE SAID COURT AT **141 LIVINGSTON ST, BROOKLYN, NY 11201,** IN THE CITY AND STATE OF NEW YORK, WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED COMPLAINT WITH THE CLERK: UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE SUM OF **$519.79** WITH INTEREST FROM December 23, 2006 TOGETHER WITH  COSTS AND DISBURSEMENTS OF THIS ACTION.

DATED: August 3, 2007        COHEN & SLAMOWITZ, LLP, ATTORNEYS FOR PLAINTIFF
                          199 CROSSWAYS PARK DR., P.O. BOX 9004, WOODBURY, NY 11797-9004
                          (516) 686-8995; (800) 293-6006 ext. 8995; Refer to C&S File No. C226803

NOTE:  THE LAW PROVIDES THAT (A) IF THIS SUMMONS IS SERVED BY ITS DELIVERY TO YOU PERSONALLY WITHIN THE CITY OF NEW YORK, YOU MUST APPEAR AND ANSWER WITHIN TWENTY DAYS AFTER SUCH SERVICE; OR (B)  IF THIS SUMMONS IS SERVED BY DELIVERY TO ANY PERSON OTHER THAN YOU PERSONALLY, OR IS SERVED OUTSIDE THE CITY OF NEW YORK, OR BY PUBLICATION, OR BY ANY MEANS OTHER THAN PERSONAL DELIVERY TO YOU WITHIN THE CITY OF NEW YORK, YOU ARE ALLOWED THIRTY DAYS AFTER THE PROOF OF SERVICE THEREOF IS FILED WITH THE CLERK OF THIS COURT WITHIN WHICH TO APPEAR AND ANSWER.

DEFENDANT(S) TO BE SERVED:
LINDA A ODEGAARD, 87 70TH ST, BROOKLYN NY 11209-1113





PS:CAPITAL PROCESS SERVERS, INC.